UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICKOLA MESSINA,

                    Plaintiff,

v.                                                  5:11-CV-1435
                                                      (GTS)
MICHAEL ASTRUE, Comm'r of Soc. Sec.,

                    Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

OLINSKY LAW GROUP                    KAREN S. SOUTHWICK, ESQ.
  Counsel for Plaintiff
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.         JOANNE JACKSON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Nickola Messina ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 12, 15.) For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

I.      **RELEVANT BACKGROUND**

   A.      **Factual Background**

   Plaintiff was born on April 14, 1979. Plaintiff has a high school education, and is able to communicate in English. Her work history consists of employment as a cashier, cashier/stock worker, and waitress. Generally, Plaintiff's alleged disability consists of fibromyalgia, degenerative disease, and bipolar disorder. Her alleged disability onset date is December 14, 2008, and her date last insured is March 31, 2010.

   B.      **Procedural History**

   On April 27, 2009, Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income. Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 8, 2010, Plaintiff appeared before the ALJ, Jeffrey M. Jordon. (T. 6-37.) The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on November 15, 2010. (T. 52-68.) On October 14, 2011, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-3.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.      **The ALJ's Decision**

   Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 57-64.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (T. 57.) Second, the ALJ found that Plaintiff's back disorder, fibromyalgia, substance use disorder and affective disorder are severe impairments. (*Id*.) Third, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T.

58-59.) The ALJ considered listings 1.02, 1.04, 12.04 and 12.09. (*Id*.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967 (a). (T. 59-63.) Specifically, the ALJ found that Plaintiff can lift, carry, push and/or pull up to 10 pounds occasionally but must avoid above-shoulder lifting, carrying, pushing and/or pulling. (*Id.*) Further, the ALJ found that Plaintiff can stand/walk two hours in an eight-hour workday and sit six hours in an eight-hour workday but requires the option to sit/stand every 15-30 minutes. (*Id*.) In addition, the ALJ found that Plaintiff has to avoid climbing, crawling, squatting, and kneeling but can occasionally bend at the waist to pick up an object from a table but not from floor level. (*Id*.) Finally, the ALJ found that Plaintiff must avoid repetitive and constant fine/gross motor manipulation and is limited to simple, routine, low stress tasks. (*Id*.) Fifth, and finally, the ALJ determined that there are jobs that exist in the national economy that Plaintiff can perform. (T. 63-64.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ's RFC determination is unsupported by substantial evidence and is the product of legal error because he (1) failed to develop the record; and (2) afforded little weight to the opinion of consultative examiner, Dr. Ganesh. (Dkt. No. 12 at 13-16 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ erred in failing to properly assess Plaintiff's credibility. (*Id.* at 16-19.) Third, and finally, Plaintiff argues that the ALJ erred at Step five of his determination because he relied on the vocational expert's opinion, which was based on an erroneous RFC assessment. (*Id*. at 19-20.)

### B. Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues that the ALJ's RFC determination is supported by substantial evidence. (Dkt. No. 15 at 5-10 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ properly assessed Plaintiff's credibility. (*Id.* at 11-13.) Third, and finally, Defendant argues that the ALJ reasonably found Plaintiff capable of performing other work. (*Id.* at 13-15.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is

5

> afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ's RFC Assessment is Unsupported By Substantial Evidence and is the Product of Legal Error

After carefully considering the matter, the Court answers this question in the affirmative, generally for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 12 at 13-16 [Pl.'s Mem. of Law].) The Court would only add the following analysis.

Plaintiff argues that the ALJ's rationale for his RFC determination is unclear because he afforded little weight to the opinion of the consultative examiner, Dr. Ganesh, and failed to re-contact Plaintiff's treating physicians to obtain RFC assessments.

The ALJ has an affirmative duty to develop the record. *See Moran v. Astrue*, 569 F.3d 108, 112 (2nd Cir. 2009) ("[I]t is the well-established rule in our circuit that the social security ALJ... must on behalf of all claimants ... affirmatively develop the record...." (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508–09 (2d Cir.2009)) (internal quotation mark omitted)). This duty exists "[e]ven when a claimant is represented by counsel," due to the "non-adversarial nature of a benefits proceeding." *Id.* (quoting *Lamay*, 562 F.3d at 509). Re-contacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. *See* 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought

6

when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1512(e)(1); *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir.1999); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir.1998).

Moreover, an ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician, including an assessment of the claimant's functional capacity, in order to afford the claimant a full and fair hearing. *See Smith v. Astrue*, — F. Supp. 2d. —, —, 2012 WL 4052275, at *12 (N.D.N.Y. Sept. 13, 2012) (citing 20 C.F.R. § 404.1512(e); *Devora v. Barnhart*, 205 F. Supp. 2d 164, 174 (S.D.N.Y. 2002) (collecting cases); *Hardhardt v. Astrue*, No. 05–CV–2229, 2008 WL 2244995, at *9 (E.D.N.Y. May 29, 2008)).

Here, in explaining his RFC determination, the ALJ noted that he gave little weight to the opinion of consultative examiner Dr. Ganesh that Plaintiff has no limitations with respect to sitting, standing and walking because it is not supported by Dr. Ganesh's findings that Plaintiff has positive straight leg raises, tender points and reduced range of motion of the thoracic and lumbar spines. The ALJ also noted, without further explanation, that he gave greater weight to Dr. Ganesh's opinion that Plaintiff has moderate limitations with respect to pushing, pulling, lifting and carrying.

In support of his decision, the ALJ also considered the opinions of Plaintiff's treating physicians, Dr. Nolan and Dr. Zogby. However, the record does not include an RFC assessment from either Dr. Nolan or Dr. Zogby. Remand is necessary where, as here, the ALJ fails to attempt to contact the plaintiff's treating physician to properly determine her RFC. *See Smith v. Astrue*, — F. Supp. 2d. at —, 2012 WL 4052275, at *13 (citing *Rosa v. Apfel*, No. 97- CV-5831, 1998 WL 437172, at *4 (S.D.N.Y. Jul. 31, 1998); *Hopper v. Comm'r of Soc. Sec.*, 06-CV-0038,

2008 WL 724228, at *11 (N.D.N.Y. Mar. 17, 2008); *Oliveras ex rel. Gonzalez v. Astrue*, No. 07-CV-2841, 2008 WL 2262618, at *6-7 (S.D.N.Y. May 30, 2008) (holding that remand is appropriate even where there is no guarantee that the outcome will change, so that the ALJ can make reasonable efforts to obtain the treating physicians opinion on functional capacity)).

Accordingly, remand is required to enable the ALJ to further develop the record and attempt to obtain residual functional capacity statements from Dr. Nolan and Dr. Zogby.

### B. Whether the ALJ Erred in His Assessment of Plaintiff's Credibility

After carefully considering the matter, the Court answers this question in the affirmative, generally for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 12 at 16-19 [Pl.'s Mem. of Law].) The Court would only add the following analysis.

A Plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Montaldo v. Astrue*, 10–CV–6163, 2012 WL 893186, at *17 (S.D.N.Y. Mar. 15, 2012). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.,* at 271.

8

> Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.

*Id.*

Plaintiff argues that the ALJ erred in concluding that her statements "are not credible to the extent they are inconsistent with" the ALJ's RFC assessment. To be sure, "[i]t is erroneous for an ALJ to find a [plaintiff's] statements not fully credible because those statements are inconsistent with the ALJ's own RFC finding." *Ubiles v. Astrue*, No. 11-CV-6340, 2012 WL 2572772, at *12 (W.D.N.Y. July 2, 2012).[1] Instead, the ALJ must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." *See* SSR 96–7p.

---

[1] *See also Nelson v. Astrue*, No. 5:09–CV–00909, 2010 WL 3522304, at *6 (N.D.N.Y. Aug. 12, 2010), report and recommendation adopted, 2010 WL 3522302 (N.D.N.Y. Sept. 1, 2010); *Kennedy v. Astrue*, No. 3:09–CV–0670, 2010 WL 2771904, at *5 (N.D.N.Y. June 25, 2010), report and recommendation adopted, 2010 WL 2771895 (N.D.N.Y. July 12, 2010); *Smollins v. Astrue*, No. 11–CV–424, 2011 WL 3857123, at *10–11 (E.D.N.Y. Sept. 1, 2011); *Mantovani v. Astrue*, No. 09–CV–3957, 2011 WL 1304148, at *5 (E.D.N.Y. Mar. 31, 2011).

9

Here, the ALJ considered Plaintiff's statements in the context of the overall record, including the objective medical evidence, and found them not credible. However, as explained in Part IV.A. of this Decision and Order, the ALJ erred in failing to develop the record. Accordingly, remand is appropriate so that the ALJ may re-evaluate Plaintiff's credibility in the context of a fully developed record.

### C. Whether the ALJ's Conclusion at Step Five of the Sequential Analysis is the Product of a Hypothetical that is Based on an Erroneous RFC

After carefully considering the matter, the Court answers this question in the affirmative, generally for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 12 at 19-20 [Pl.'s Mem. of Law].) The Court would only add the following analysis.

As explained in Part IV.A. of this Decision and Order, the ALJ erred in failing to develop the record by obtaining RFC assessments from Plaintiff's treating physicians. Therefore, the ALJ's determination at step five of the sequential analysis is erroneous because it was based on the opinion of a vocational expert, who rendered her opinion based on a hypothetical that is not supported by substantial evidence from a fully developed record. Accordingly, remand is necessary so that, after reassessing Plaintiff's RFC based on a fully developed record, the ALJ may redetermine at step five of the sequential analysis whether there are jobs that exist in the national economy that Plaintiff can perform.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **<u>DENIED</u>**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: March 13, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge